**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

**In Re:**

**DENISSE RODRIGUEZ MARTINEZ,**

**Debtor.**

**CIVIL NO. 15-2064 (GAG)**

**Bankr. Case No. 14-4946 (EAG)**

## OPINION AND ORDER

Before the court today is a motion for leave to file an interlocutory appeal filed by Denisse Rodríguez Martinez, Debtor in Chapter 11 Bankruptcy Case No. 14-4946 (EAG) from the United States Bankruptcy Court for the District of Puerto Rico.  On appeal, Debtor challenges the Bankruptcy Court's denial of her application to employ her former attorney, Alexandra Bigas Valedon, as the notary public for the sale of Debtor's property.  (Docket No. 1-2.)  Immediately after filing for appeal, the United States Trustee in this case filed an objection to Debtor's motion for leave to appeal to this court.  (Docket No. 5.)  For the reasons described below, the court **DENIES** Debtor's motion for leave to appeal at Docket No. 1-2.

### I.    Jurisdiction

The Bankruptcy Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which confers jurisdiction on this District Court as to all matters arising under 11 U.S.C. §§ 101 *et seq.*, and pursuant to the District Court's resolution dated July 19, 1984, which, in turn, refers all Title 11 matters to the United States Bankruptcy Court for the District of Puerto Rico.  The District

**Civil No. 15-2064 (GAG)**

Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(3).  In re Watson, 309 B.R. 652, 659 (B.A.P. 1st Cir. 2004) aff'd, 403 F.3d 1 (1st Cir. 2005).

## II.   Standard of Review

Interlocutory orders issued by bankruptcy judges, such as the present one, may be appealed only where the district court grants leave to appeal, a decision wholly within said court's discretion.  See 28 U.S.C. § 158(a)(3).  The First Circuit has made clear that the "[a]pplication of [section] 158(a)(3) review of interlocutory orders mirrors application of [28 U.S.C.] § 1292(b)." In re Watson, 309 B.R. at 659 (citing In re Bank of New England Corp., 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998)).  As section 158 does not provide any express criteria for how the federal courts should exercise their discretion in determining whether to preside over an interlocutory appeal, the courts look to section 1292(b), which sets the standard for the jurisdiction of courts of appeals over interlocutory appeals.  See In re Watson, 309 B.R. at 659.

"Section 1292(b) permits appellate review of 'certain interlocutory orders, decrees and judgments [. . .] to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties.'"  Id. (quoting In re Bank of New England Corp., 218 B.R. at 652 n.17).  To ascertain whether this court will exercise its discretion in considering the appeal, it must "consider whether (1) the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation." In re Watson, 309 B.R. at 659 (citations omitted).  Moreover, "[t]he First Circuit has instructed courts to grant leave sparingly and only in exceptional circumstances." Rodriguez-Borges v. Lugo-Mender, 938 F. Supp. 2d 202, 212 (D.P.R. 2013).

**Civil No. 15-2064 (GAG)**

1

### III.        Relevant Factual and Procedural Background

2

Shortly after the filing of the above-captioned Chapter 11 petition, attorneys Modesto Bigas

3   Mendez and Alexandra Bigas Valedon filed, on Debtor's behalf, an application for approval of

4   employment of attorney, requesting the Bankruptcy Court approve them as Debtor's counsel in the

5   aforementioned bankruptcy proceeding.  (Bankr. Case No. 14-4946 (EAG), Docket No. 9.)  The

6   Bankruptcy Court approved Debtor's request for employment of counsel.  Id. at Docket No. 21.

7   As part of the reorganization proceedings, on May 29, 2015, Debtor moved the Bankruptcy Court

8   for leave to sell a parcel of real property for $800,000, pursuant to 11 U.S.C. § 363(b).    Id. at

9   Docket No. 87.   Debtor also filed an application to employ attorney Juan C. Bigas as notary public

10  for the sale of Debtor's real property.  Id. at Docket No. 93.    Both the sale of property and the

11  employment of notary public were later approved by the court.

12

Shortly thereafter, on July 13, 2015, attorney Alexandra Bigas Valedon filed a motion to

13  withdraw as Debtor's legal representation.  On that same day, Modesto Bigas filed an amended

14  application to employ notary public, requesting the court approve the employment attorney

15  Alexandra Bigas Valedon as notary public for the sale of Debtor's property because Juan C. Bigas

16  would be out of the jurisdiction at the time the sale was scheduled to take place.  Id. at Docket No.

17  105. The U.S. Trustee objected to the employment of attorney Alexandra Bigas Valedon as notary

18  public, arguing the Bankruptcy Court has previously prohibited a debtor's application to retain his

19  bankruptcy lawyer to serve as the notary public in a transaction involving the sale of the debtor's

20  assets in In re Amjad H. Badran, Case No. 15-60 (EAG) (applying Puerto Rico law regarding

21  conflicts of interests in the practice of notary.)  (Bankr. Case No. 14-4946 (EAG), Docket No.

22  113).

23

24

**Civil No. 15-2064 (GAG)**

The Bankruptcy Court ultimately denied attorney Alexandra Bigas Valedon's request due to conflict of interest and stated: "The application to employ notary public Alexandra Bigas [at Docket No.] 105 is hereby denied.  Attorney Bigas Valedon appeared on behalf of the debtor at the status conference held on 9/17/2014 (as per [Docket Nos.] 33 & 34)."  (Bankr. Case No. 14-4946 (EAG), at Docket No. 116.)

Debtor moved to appeal the court's order denying Alexandra Bigas Valedon's employment as notary public.  Id. at Docket No. 134.  In her request for appeal, Debtor argues the Bankruptcy Court erred by denying the employment of attorney Alexandra Bigas Valedon as notary public due to conflict of interest.  Namely, Debtor argues there is no First Circuit precedent that establishes said prohibition and that the Bankruptcy Court improperly applied Puerto Rico Supreme Court precedent, which the Debtor contends is "totally unrelated" to the facts of this case.  (Docket No. 1-2.)  In objection to Debtor's Motion for leave to appeal, the Trustee argues: first, that the appeal appears to be constitutionally moot and is not ripe because the bankruptcy court approved the sale of the property and thus there is no need for Bigas Valedon to serve as notary, and; second, that the criteria for a discretionary interlocutory appeal under 28 U.S.C. § 158(a)(3) is not met.  (Docket No. 5 at 7-12.)

**IV.     Discussion**

When deciding whether to grant or deny a motion for interlocutory appeal, a district court examines "whether (1) the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  In re Bank of New England Corp., 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998) (citing In re Prudential Lines, Inc., 160 B.R. 32,

**Civil No. 15-2064 (GAG)**

34 (S.D.N.Y. 1993) (noting an additional element to the interlocutory appeal analysis, the existence of "exceptional circumstances")).

It is firmly established that Bankruptcy Courts have discretion over the approval of employment professionals under section 327 of the Bankruptcy Code.  Section 327(a) states that "[e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." See 11 U.S.C. § 327(a).  "Bankruptcy courts historically have been accorded wide discretion to oversee the terms and conditions of a debtor's engagement of professionals because "[t]he bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails."  In re Indep. Eng'g Co., Inc., 197 F.3d 13, 17 (1st Cir. 1999).

There is abundant Puerto Rico Supreme Court precedent discussing the ethical implications of the dual role of attorneys as counsel and notary public.  See e.g., In Re Colon Ramery, 133 P.R. Dec. 555, (P.R. 1993); In re El San Juan Hotel Corp., 239 B.R. 635 (B.A.P. 1st Cir. 1999) aff'd, 230 F.3d 1347 (1st Cir. 2000).  To that effect, Rule 5 of the Puerto Rico Notary Regulations establishes the following prohibitions:

> The practice of law may occasionally be incompatible with notarial practice.
>
> A notary public who officializes a public document is forbidden from later acting as attorney for one of the executing parties in contentious litigation to demand compliance with the obligations assumed by any other party in the document executed before him or her.
>
> The notary is forbidden from legally representing a client in contentious litigation and, at the same time, acting as notary public in the same case due to the possible conflicts of interest or incompatibilities that may arise therefrom.

**Civil No. 15-2064 (GAG)**

> The regulations contained in the preceding two paragraphs shall apply to the notary personally and not to those notaries and attorneys who are or have been his or her partners or coworkers. Nevertheless, the partners or coworkers of an authorizing notary may not represent an executing party in a public document officialized by him or her, when the validity of any of the agreements arising from the document is challenged in litigation or if an allegation is made that agreements related to the same matter were omitted from said document, or when the actions of the authorizing notary are questioned for any other reason.

> Nonetheless, the attorney may act as notary in all ex parte, voluntary jurisdiction actions, and in governmental remedies unless his or her action is expressly prohibited by law or case law doctrine. Also, the notary may act as attorney in the same matter when prior to litigation the notary had only attested to the authenticity of signatures, and neither the signatures nor the document where such signatures appear are at issue as the main object of the claim.

> It is always left to the better judgment of the notary and his or her partners or coworkers, within their professional responsibility, to decide when to refrain from acting, even when such action may be allowed, if the ethical aspects of the particular circumstances could generate a potential conflict of interest or the appearance of improper conduct.

P.R. LAWS ANN. tit 4 App. XXIV, § 5.[1]

To warrant interlocutory review, the order on appeal "must also involve a legal issue on which there is substantial ground for difference of opinion. Circuit law limits the statutory anodyne of certification to rare cases, **where the proposed intermediate appeal presents one or more difficult and *pivotal* questions of law not settled by controlling authority.**" In re Bank of New England Corp., 218 B.R. 643, 653 (B.A.P. 1st Cir. 1998) (emphasis added) (citing In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1010 n.1 (1st Cir. 1988); McGillicuddy v. Clements, 746 F.2d 76, 76 n. 1 (1st Cir. 1984)).

---

[1] The Puerto Rico Supreme Court has raised the bar as to Rule 5's prohibition by ruling that "a notary should abstain from authorizing public documents regarding property involved in a legal proceeding in which is or she is acting as attorney. Said rule, which derives from an *interpretation* of Rule 5 of the [Notary] Rules of Puerto Rico, *will have prospective effect*." In re Matos Bonet, 153 P.R. Dec. 296, 301, Offic. Slip. Trans. at 4 (P.R. 2001) (emphasis in original). Later, in In re Aviles Tosado, 157 P.R. Dec. 867 (P.R. 2002), the Puerto Rico Supreme Court went even further and traced a clear line distinguishing when an attorney is prohibited from acting as notary public. In re Aviles Tosado, 157 P.R. Dec. 867.

**Civil No. 15-2064 (GAG)**

Because the bankruptcy court had discretion to deny the appointment of attorney Alexandra Bigas Valedon as notary, the undersigned is highly skeptical as to the eminence of Debtor's arguments, and finds it difficult to consider that these fall even remotely close to an issue **to which there is substantial ground for difference of opinion**, as mandated by section 1292(b).  The Bankruptcy Court relied on straight-forward Puerto Rico Supreme Court precedent that made it clear that attorney Bigas Valedon was prohibited from acting as notary public in the sale of Debtor's assets.  "For an issue to rise to the level of difficulty and significance required under § 1292(b), the case must involve 'difficult and pivotal questions of law not settled by controlling authority.'"  Rodriguez-Borges v. Lugo-Mender, 938 F. Supp. 2d 202, 212 (D.P.R. 2013) (quoting In re San Juan Dupont Plaza, 859 F.2d 1007, 1010 n.1 (1st Cir. 1988)).  It is pellucid that the case specific issues raised on appeal do not rise to the level of difficulty and significance required under section 1292(b).

Turning to the third prong this court must consider when deciding whether to grant or deny a request for interlocutory appeal, the Bankruptcy Court's order denying the appointment of a *specific* notary public to carry out a sale of Debtor's property is a procedural matter that does not advance, or even alter, the termination of this litigation.  For eleven months, attorney Bigas Valedon appeared as Debtor's attorney in the bankruptcy proceedings.  Because of attorney Bigas Valedon's appearance as counsel, the Bankruptcy Court denied her request, finding she was prohibited to act as notary public due to conflict of interest.

Even though counsel for Debtor would have liked the Bankruptcy Court to have ruled differently, this does not convert the court's ruling to one that merits this court's immediate review.  See Pacamor Bearings, Inc. v. Minibea Co. Ltd., 892 F. Supp. 347, 361-62 (D.N.H. 1995)

**Civil No. 15-2064 (GAG)**

1
2

(holding that a party's dissatisfaction with court's standing decision did not amount to "substantial ground for difference of opinion.").

3
4
5
6
7

    As such, this court finds that the Bankruptcy Court's denial of attorney Bigas Valedon's request to be appointed as notary public for the sale of Debtor's property is not a determination that may materially advance the ultimate termination of the litigation.  Consequently, under the applicable law, this court's exercise of discretionary appellate jurisdiction is not recommended.  As such, the undersigned **DENIES** Debtor's request for interlocutory appeal.[2]

8

    **V.**    **Conclusion**

9

    Accordingly, the court **DENIES** Debtor's Motion for Leave to appeal.

10

    **SO ORDERED.**

11

    In San Juan, Puerto Rico this 10th day of November, 2015.

12
13

                    *s/ Gustavo A. Gelpí*
                    GUSTAVO A. GELPI
                  United States District Judge

14
15
16
17
18
19
20
21
22
23
24

---

[2] The court also notes that Debtor's request for interlocutory appeal is moot.  The proceedings before the Bankruptcy Court are still ongoing.  Debtor's property was sold on August 14, 2015, (Bankr. Case No. 14-1916, Docket No. 147), therefore, the remedy sought is no longer available.  Notwithstanding the above, the issue raised by Debtor may fall within the mootness exception of issues "capable of repetition, yet evading review."  See  Southern Pac. Terminal Co. v. ICC, 219 U.S. 498 (1911); CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc., 48 F.3d 618, 622 (1st Cir. 1995).  However, at this interlocutory juncture, Debtor's arguments on appeal do not warrant this courts' intervention.